Alexander I. Hewlett died in the county of New Hanover in 1865, having previously made and published his last will and testament. The will was duly admitted to probate at January Term, 1866, of the County Court, and the plaintiff Westcott was appointed administrator, with the will annexed. By the said will the testator devised to Henry C. Hewlett, a lot in the town of Wilmington, known as No. 70. He also devised other real estate to his other children, James and Jeremiah Hewlett, who are made parties to this motion, and to several others, who are defendants in this motion, with the administrator Westcott.
At December Term, 1866, the administrator, Westcott, filed his petition in the County Court against Henry C. Hewlett, to make the land devised to him assets for the payment of debts. None of the other devises were made parties defendants and Henry C. Hewlett was a nonresident and was brought into court by publication. He did not enter an appearance or make any defense to the action. At March Term, 1867, the prayer of the petition was granted and an order made to sell the land. In pursuance of the order the land was sold by the administrator, a report was made of the sale, purchase money paid and title was made to the purchaser. His Honor after hearing the argument of counsel disallowed the motion to set aside and vacate the order of sale, etc. And the parties making the motion appealed (192) to the Supreme Court.
This was a motion before the Judge of the Superior Court to vacate what purported to be a judgment rendered in the Court *Page 140 
of Pleas and Quarter Sessions, under our former system, granting a license for the sale of the land of a decedent, for the payment of his debts; and the party making this motion was a party defendant in the original action, and now bases his right to vacate on the ground that the judgment of the County Court was a mere nullity, and absolutely void. If this be so (which we do not undertake to decide) then the entries on the records of the said Court, purporting to be a judgment, can injure no one, as all parties whose interest would have been effected by said entries, had they constituted a judgment in fact, may now treat the proceedings of the County Court as having no existence, as they can in no way be prejudiced by them.
But, were it otherwise we think the party has mistaken his remedy, if he has any, and that the motion to vacate should have been made before the Clerk of the Court, as Judge of Probate, and not before the Judge of the Superior Court. This is a matter touching the proper administration of a dead man's estate, which jurisdiction of the County Court has been transferred to the Clerk as Judge of Probate, and not to the Superior Court. This point has been heretofore decided by this Court.
PER CURIAM. Affirmed.
Cited: Lovinier v. Pearce, 70 N.C. 171.
(193)